[Civ. No. 12075.    First Dist., Div. Two.    May 5, 1942.]

NAOMI GAE LANE et al., Appellants, v. PACIFIC GREY-HOUND LINES (a Corporation) et al., Respondents.

F. H. Dam for Appellants.

· Cooley, Crowley & Supple and T. H. DeLap for Respondents.

NOURSE, P. J.—The plaintiffs and appellants have moved to dismiss a purported appeal under a notice of appeal and request for transcript dated November 4, 1941, without prejudice to their appeal, notice of which was given November 29, 1941, followed by a request for transcript dated December 11, 1941. The grounds of the motion are that the notices filed November 4th were unauthorized, defective in form and substance, and detrimental to the interests of plaintiffs and appellants.

The action is one to recover damages for the death of the husband and father of the plaintiffs. They employed two attorneys to represent them upon a contingent fee basis. Following an adverse verdict and denial of their motion for a new trial, one of said attorneys notified the other that he would not go any further in the litigation. He then filed the first notice of appeal and the request for clerk's and reporter's transcripts, but did not secure payment of costs as required by section 953b of the Code of Civil Procedure. The plaintiffs in the action repudiated these acts and requested his associate alone to represent them. Within due time such associate filed a proper notice of appeal and a request for the transcripts. Pursuant to the above code section he paid the reporter $400 for the transcripts, which was in excess of the sum required. The defendants thereafter moved to terminate proceedings

under the first notice of appeal, and action on that motion has been stayed by these proceedings.

We do not need to consider the controversial subject of the authority of counsel to take the first appeal under the circumstances above stated. The second notice and request were filed within time and were in full compliance with the statute. If there were defects in the former notice, inconsequential though they may be, we know of no rule which would prevent the appellants from filing a new notice and request within the statutory period. Though the question of the propriety of terminating the proceedings on the first notice is a matter for decision of the trial court in the first instance, it is apparent that if the motion should be granted the case would again come to us to determine whether the second appeal is proper. It appears that the plaintiffs are not in financial circumstances to spend their funds upon frivolous litigation, and they should not be denied their right of a speedy appeal because of the apparent neglect of their former counsel, or because of the highly technical contentions as to the binding effect of the course of action which he pursued.

The motion is granted and the appeal dated November 4, 1941, is dismissed without prejudice to the perfection of the appeal based upon the notice of November 29, 1941.

Sturtevant, J., and Spence, J., concurred.